FILED
2018 Aug-30 AM 10:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIL ARMSTRONG, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Case No.: 2:18-cv-0856-JEO |
| v. | ) |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before this Court on Defendant's Motion to Transfer Venue. (Doc. 6). In its motion, Defendant seeks to have this case transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a). The parties have consented to the jurisdiction of this Court for the disposition of the matter. *See* 28 U.S.C. § 636(c); FED. R. CIV. P. 73(a). Upon consideration of the pleadings, briefs, and relevant law, the Court concludes that Defendant's motion is due to be granted.[1]

---

[1] Also before the Court is Defendant's Motion to Dismiss. (*See* Doc. 18). While that motion is fully briefed, it will remain for disposition in light of the Court's decision to transfer this matter to the Southern District of Alabama.

1

## I. Background

This case arises out of Defendant CSX Transportation's ("CSX") performance under a June 5, 1976 release agreement between Plaintiff Virgil Armstrong and CSX's predecessor in interest, the Louisville and Nashville Railroad Company ("LNRC"). (Doc. 1 at ¶ 10). Dissatisfied with CSX's performance under the agreement since January 2017, Virgil Armstrong and his wife, Ann Armstrong, filed a complaint in the Circuit Court of Jefferson County, Alabama on May 3, 2018. The thrust of the underlying action is that Defendant failed to uphold its obligation under the release agreement by refusing to pay Plaintiff Ann Armstrong for providing care to her husband. Instead, Defendant intends to provide and pay for *professional* nursing care for Mr. Armstrong. On June 4, 2018, Defendant filed a Notice of Removal of this action this Court. (Doc. 1).

Plaintiffs are residents of Flomaton, Alabama, which is located in the Southern District of Alabama. Defendant CSX is a Virginia corporation with its principal place of business in Jacksonville, Florida. Plaintiffs assert that negotiation of the release agreement involved in this case began within the territorial boundaries of the Northern District of Alabama and that at least one critical witness is located in this District. *Id.* Defendant states that all negotiations of the release agreement were centered in Southern District of Alabama and that

the operative incidents and critical witnesses are located in the Southern District. (Doc. 22). Defendant argues that a transfer to the Southern District of Alabama would be most convenient and would be in the interest of justice. This Court agrees.

## II. Analysis

28 U.S.C § 1441 establishes federal venue in the district from which a state action is removed. *See Hollis v. Florida State University*, 259 F.3d 1295, 1300 (11th Cir. 2001). However, a removing defendant may seek a transfer of venue under 28 U.S.C. § 1404(a). *See id.* (quoting *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 320 (S.D. Miss. 1989) ("[T]hough their removal precludes a challenge to venue as improper, defendants may still attack this venue as inconvenient")). 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts enjoy wide discretion in determining whether to transfer an action to a more convenient forum. *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1306 (N.D. Ala. 2003). The determination of whether it would be proper to transfer venue relies upon a two-part analysis: first, the court must determine whether the case could have been brought in the proposed transferee district and second, the court must then determine whether a transfer to that district would be

more convenient for the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a); *see also Mede Cahaba Stable & Stud LLC. v. Washington International Horse Show*, 2010 WL 11614802, at *6 (N.D. Ala. Feb. 2, 2010).

There is little to discuss regarding whether the Southern District of Alabama could have been an appropriate venue for this action. 28 U.S.C. § 1391(a)(2) provides that, in a diversity action, a suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…." It is uncontested that the release at issue was executed in the Southern District of Alabama and the alleged injury took place within the territorial boundaries of the Southern District of Alabama. Neither party expressly disputes that the matter could have properly been brought in the Southern District of Alabama; therefore, the analysis hinges on the second consideration – convenience.

Thus, the consideration that remains is whether a transfer would be convenient for the parties and witnesses and would be in the interest of justice. To make this determination, courts often rely on a number of factors: (1) the plaintiff's initial choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access to sources of proof, (5) the availability of compulsory process for witnesses, (6) the location of relevant documents, (7) the financial ability to bear the cost of the change in venue, and (8) trial efficiency.

*C.M.B Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1286-87 (M.D. Ala. 2005). The general rule is that the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *See Robinson v. Giamarco & Bill, P.C.* 74 F.3d 253, 260 (11th Cir. 1996). However, the weight of the plaintiff's choice is lessened when the chosen forum is not the plaintiff's home forum as is the case here. *See Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1091 (M.D. Ala. 1996). Even so, it is the movant's burden to establish that the proposed alternative forum is more convenient. *In re Rioch Corp.*, 870 F.2d 570, 572-73 (11th Cir. 1989). Defendant has met this burden.

Defendant argues that several factors favor a transfer to the Southern District of Alabama. Most notably, Defendant directs the Court's attention to the location of the witnesses it intends to call regarding Ann and Virgil Armstrong's domestic nursing help. (Doc. 22 at 8). The convenience of the non-party witnesses is the "primary, if not most important, factor" in determining whether to transfer an action to another venue. *Liberty Nat'l Life Ins. Co. v. Suntrust Bank*, 2012 WL 3849615 at *5 (N.D. Ala. Sep. 5, 2012). In this case, the majority of Defendant's identified witnesses able to testify about Mr. Armstrong's domestic nursing situation, Mr. Armstrong's required care, and Mrs. Armstrong's capacity to provide that care are currently in Flomaton, Alabama or elsewhere within the Southern District of Alabama. Defendants identified eleven such witnesses. (Doc.

22 at 8). It would be markedly more convenient for these witnesses to travel the 70 miles from Flomaton to Mobile than to travel the 200 miles from Flomaton to Birmingham. On the other hand, Plaintiffs' only identified witness in the Northern District of Alabama is Bobby Pate. Pate is a retired former employee of Defendant who allegedly oversaw some of the payments to Plaintiffs. Pate has signed an affidavit indicating his willingness and ability to testify in the Southern District of Alabama. (Doc. 22-1). As such, Pate's inconvenience does not weigh heavily against transfer. Further, it is highly likely that other potential witnesses, whether for Plaintiffs or Defendant, regarding Plaintiffs' domestic nursing situation are also located in the Southern District of Alabama where the domestic nursing takes place. Considering the convenience of all the non-party witnesses, this factor weighs heavily in favor of a transfer.

Further, compulsory service would be impossible for most of the aforementioned witnesses should this action remain in the Northern District of Alabama. Under the Federal Rules of Civil Procedure, witnesses may be subject to compulsory process so long as they are within a 100-mile radius of the trial location. FED. R. CIV. P. 45(c)(1)(A). The identified witnesses live outside of that radius; thus, they would not be subject to compulsory process. Securing testimony of these witnesses without the availability of compulsory process would likely cause inconvenience and expense to both parties. In contrast, most of the

identified witnesses would be subject to compulsory service should the action be transferred to the Southern District of Alabama. The only identified witness outside of this range of compulsory service is Bobby Pate who indicated through an affidavit that his attendance at trial would not need to be compelled. This factor weighs in favor of transfer.

Also weighing in favor of transfer is ease of access to relevant evidence. Much like the non-party witnesses in this case, most of the evidence related to the execution, negotiation, and performance of the release agreement and the domestic nursing situation is likely to be located in the Southern District of Alabama. Though Plaintiffs contend that negotiations began within the territorial boundaries of the Northern District of Alabama, they do not dispute that negotiations continued in the Southern District, and that the release agreement was subsequently executed there. (Doc. 1). Further, they do not dispute that the effects of the alleged injury have largely manifested within the Southern District and that the domestic nursing services at issue have been conducted within the Southern District. Because of the strong connection to the Southern District, the access to relevant evidence is greatest in that District. As such, this factor weighs in favor of transfer.

It is important to note Defendant's claim that the Southern District of Alabama is the more convenient forum for Plaintiffs holds little weight. Courts

7

may generally presume that the forum in which the complaint was filed is the most convenient forum for the plaintiffs. *Cellularvision Technology & Telecom., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2017). In fact, it "seems anomalous to give any significant weight to the defendant's opinion of which district is more convenient for the plaintiff; the plaintiff seemingly would be the best judge of that." *Trinity Christian Center of Santa Ana, Inc. v. New Frontier Media*, 761 F. Supp. 2d 1322, 1328 (M.D. Fla 2010). Despite this factor favoring Plaintiffs, Defendant has adequately shown that convenience and justice are best served by a transfer of this case to the United States District Court for the Southern District of Alabama. Ultimately, the convenience of the witnesses, the availability of compulsory process, and ease of access to sources of proof overshadow the diminished weight of Plaintiffs' choice of forum, satisfying Defendant's burden on the motion.

## III. Conclusion

Based on the forgoing, the Court finds that CSX's motion to transfer venue (doc. 6) is due to be granted and this case is due to be transferred to the United States District Court for the Southern District of Alabama. An order in accordance with this finding will be entered.

**DONE**, this the 30th day of August, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge